UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL MOURNING,          : | |
|     Petitioner,                      : | |
|                                               : | |
| v.                                          : | CASE NO. 3:14cv845 (VAB) |
|                                               : | |
| COMMISSIONER OF CORRECTION, : | |
|     Respondent.                  : | |

**RULING AND ORDER**

Petitioner, Michael Mourning, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his 2008 conviction for sale of narcotics. Petition, ECF No. 1. Mr. Mourning included four grounds for relief in his original Petition. *Id.* Subsequently, he sought leave to amend his Petition. Mot. to Amend, ECF No. 7. The Motion to Amend addressed the fourth ground for relief and made no reference to the other three grounds in the original Petition. *Id.* The Court granted the motion and directed Mr. Mourning to file an amended petition. Order, ECF No. 8. The Amended Petition, ECF No. 9, contains only one ground for relief, prosecutorial misconduct.

The Respondent has filed a motion to dismiss, ECF No. 13, assuming that the Amended Petition is an addendum to the original Petition. However, an amended petition completely replaces the original petition. *See Beaman v. Yelich*, No. 12 Civ. 5304(ALC)(SN), 2014 WL 1813926, at *7 (S.D.N.Y. May 6, 2014) (Report and Recommendation adopted by the District Court) (petitioner advised that amended petition completely replaces original petition); *accord Gonzalez v. Shahnoon*, No. 15-CV-2961(KAM)(LB), 2015 WL 6118528, at *5 (E.D.N.Y. Oct. 16, 2015) ("Once an amended complaint is filed, it completely replaces the original. Therefore, it is important that plaintiff include in the amended complaint all the necessary information that

was contained in the original complaint.").

Mr. Mourning was not informed prior to filing his Amended Petition that it must include all grounds upon which he challenges his conviction. Accordingly, the Court will afford him an opportunity to set forth in one document all grounds upon which he bases his federal challenge.

In addition, the local court rules require that all habeas petitions be submitted on court-approved forms. *See* D. Conn. L. Civ. R. 8(b) (requiring all habeas petitions to be submitted on court-approved forms). The Amended Petition, ECF No. 9, does not comply with this requirement. The amended petition that Mr. Mourning files in response to this Order must be submitted on a court-approved form.

In conclusion, the Clerk is directed to send the petitioner an amended section 2254 habeas petition form with this Order. Mr. Mourning is directed to complete and return the enclosed amended petition form within **twenty (20) days** from the date of this Order. He shall include all of the grounds upon which he challenges his 2008 conviction and respond to all questions demonstrating how he exhausted his state court remedies with regard to all grounds for relief. If a second amended petition is not filed by the date specified, the Court will assume that Mr. Mourning intends to proceed only on the ground of prosecutorial misconduct that appears in his Amended Petition, ECF No. 9.

**SO ORDERED** this 2nd day of November 2015, at Bridgeport, Connecticut.

       /s/ Victor A. Bolden
       Victor A. Bolden
       United States District Judge