UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL MOURNING,                          :
      Petitioner,                        :
                               :
v.                                         :          CASE NO. 3:14cv845 (VAB)
                               :
COMMISSIONER OF CORRECTION,                 :
      Respondent.                        :

## RULING ON MOTION TO COMPEL DISCOVERY

Petitioner, Michael Mourning, filed this habeas corpus action pursuant to 28

U.S.C. § 2254 challenging his 2008 conviction for sale of narcotics.  Petition, ECF No. 1.

Mr. Mourning has filed a motion to compel discovery, ECF No. 21.  For the following

reasons, his motion is **DENIED without prejudice**.  To be granted, any new motion that

Mr. Mourning may file must satisfy the good cause standard articulated below.

Habeas petitioners are not entitled to conduct discovery as a routine matter.

*Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil

litigant in federal court, is not entitled to discovery as a matter of ordinary course.").

Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for

good cause, authorize a party to conduct discovery under the Federal Rules of Civil

Procedure."  To demonstrate good cause, a petitioner must present "'specific

allegations'" which give the Court "'reason to believe that the petitioner may, if the facts

are fully developed, be able to demonstrate that he is… entitled to relief.'"  *Bracy*, 520

U.S. at 908-09 (alteration in original) (quoting *Harris v. Nelson*, 394 U.S. 286, 300

(1969)).

Mr. Mourning's Motion to Compel Discovery appears to seek leave of the Court

to conduct discovery in this case.  He asks the Court to compel responses for requests for admission that he argues "would help [him] prepare a proper defense."  Mot. to Compel Discovery 1, ECF No. 21.

The Court finds that Mr. Mourning's motion fails to demonstrate that good cause for discovery exists in this case.  His motion conclusorily notes that discovery would help him defend his petition.  But he does not precisely explain how, nor does he attach the requests for admission he proposes.  Thus, the Court has no basis to determine whether the discovery sought is relevant to the Petition, much less whether good cause exists to allow it.  *See Edwards v. Superintendent, Southport C.F.,* 991 F. Supp. 2d 348, 364 (E.D.N.Y. 2013) (denying a request for discovery that contained a list of "broad and speculative" discovery requests "without any discussion of their potential utility") (citation omitted).

Mr. Mourning also fails to address adequately the relevant inquiry in assessing whether good cause for discovery exists—namely the likelihood that he is entitled to the relief he seeks in his Petition.  *See Bracy*, 520 U.S. at 908-09.  The fact that discovery material would be helpful in resolving a habeas petition does not indicate that it is warranted under the good cause standard.  *See Hirschfeld v. Comm'r of the Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003) (denying request for discovery because petitioner failed to "make specific allegations" showing that he might be entitled to relief on his petition if the depositions he sought were allowed); *Charles v. Artuz*, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998) (denying a motion for discovery which claimed "in conclusory fashion" that petitioner needed the discovery "'to fairly and adequately present his Federal law claims… in their appropriate manner.'").

In Mr. Mourning's Reply Brief, he notes that the good cause standard applies but fails to explain how he can satisfy it.  Reply Br. 1-2, ECF No. 23.  Instead, he merely summarizes aspects of his petition.  *Id.* at 1.  "Generalized statements are not sufficient to establish the requisite 'good cause'" for discovery in resolving a habeas petition. *Edwards,* 991 F. Supp. 2d at 364 (collecting cases).

For all of the foregoing reasons, Mr. Mourning's Motion to Compel Discovery, ECF No. 21, is **DENIED without prejudice**.

**SO ORDERED** this 3rd day of November 2015, at Bridgeport, Connecticut.

 /s/ Victor A. Bolden 
Victor A. Bolden
United States District Judge