UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL MOURNING,<br>    Petitioner, | :<br>:<br>: |
| v. | :    Case No. 3:14-cv-845 (VAB) |
| COMMISSIONER OF CORRECTION,<br>    Respondent. | :<br>:<br>: |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Michael Mourning, commenced this action while he was serving the probationary period of his sentence. He filed this action under 28 U.S.C. § 2254, challenging his conviction, pursuant to a guilty plea, for sale of narcotics. For the reasons that follow, the petition is **DENIED**.

### I.    Procedural Background

On August 7, 1996, Mr. Mourning was sentenced on three narcotics offenses. In the first case, No. CR94-90346, Mr. Mourning was sentenced to a term of imprisonment of fifteen years, execution suspended after ten years, along with a five year term of probation. In the second case, No. CR95-91109, Mr. Mourning was sentenced to a term of imprisonment of fifteen years, execution suspended after ten years, to be served concurrently with the previous sentence. In the third case, No. CR95-92193, Mr. Mourning was sentenced to a term of imprisonment of five years, execution suspended, consecutive to the previous two sentences. As a result of these three sentences, Mr. Mouring received a total sentence of twenty years of imprisonment, with its execution suspended after ten years, followed by five years of probation.

Mr. Mourning completed his period of incarceration and began serving his term of probation on August 4, 2007.  On August 6, 2007, Mr. Mourning was arrested and charged with the sale of narcotics.  He also was charged with three counts of violating the terms of his probation, even though the probationary period was imposed only on one of the three prior convictions.

Mr. Mourning, through counsel, moved to dismiss one of the violation of probation charges, on the ground that any period of probation on the 1996 case would have expired while he was serving the sentences in the other two cases.  The trial court denied the motion.

On February 25, 2008, Mr. Mourning entered a guilty plea on the charge of sale of narcotics and admitted to violating probation in the three pending violation of probation cases. The trial judge canvassed Mr. Mourning before accepting his guilty plea.  The trial court sentenced Mr. Mourning on the 2007 sale of narcotics case to a total effective term of imprisonment of fifteen years, execution suspended after three years, followed by four years of probation.  The three files for violation of probation were terminated.  *Mourning v. Warden*, No. CV084002448, 2012 WL 335847, at *2 (Conn. Super. Ct. Jan. 6, 2012); *see also Mourning v. Commissioner of Correction*, 992 A.2d 1169, 1172 (Conn. App. 2010).

On June 6, 2008, Mr. Mourning filed a second state habeas action challenging his conviction for sale of narcotics on the grounds of ineffective assistance of counsel, prosecutorial misconduct and actual innocence.[1]  Following a two-day hearing, the trial court denied the petition.  *Mourning v. Warden*, 2012 WL 335847, at *25.  The Connecticut Appellate Court

---

[1] Mr. Mourning withdrew his actual innocence claim.  His first state habeas petition challenging this conviction was dismissed for lack of jurisdiction.  *See Mourning v. Commissioner of Correction*, 992 A.2d 1169, 1173 (Conn. App. 2010).

affirmed the denial and the Connecticut Supreme Court denied certification. *See Mourning v. Commissioner of Correction*, 85 A.3d 680 (Conn. App.) (per curiam), *cert. denied*, 88 A.3d 549 (Conn. 2014).

Mr. Mourning commenced this action by petition filed June 10, 2014, while he was serving the probationary period of his sentence. On August 6, 2014, he fully discharged the sentence on the conviction for sale of narcotics.

## II. Factual Background

The state habeas court found the following facts.

On August 6, 2007, members of the Danbury Police Department Special Investigations Division were monitoring an area for sale of narcotics. They saw Mr. Mourning drive into a parking lot and park next to a white van. Mr. Mourning threw an object into the driver's side window of the van. The police officers determined that Mr. Mourning had been paid $85.00 for five glassine bags marked Macho. The substance in the bags tested positive for heroin. *Mourning*, 2012 WL 335847, at *2.

## III. Standard of Review

The Court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a).

The Court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context."  *Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir.), *cert. denied*, 537 U.S. 909 (2002).  Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision.  *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).  Second Circuit law which does not have a counterpart in Supreme Court jurisprudence cannot provide a basis for federal habeas relief.  *See Renico v. Lett,* 559 U.S. 766, 778 (2010) (holding that court of appeals erred in relying on its own decision in a federal habeas action); *see also Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005) (absent a Supreme Court case establishing a particular right, federal court inference of right does not warrant federal habeas relief).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts.  *Bell v. Cone*, 535 U.S. 685, 694 (2002).  A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case.  The state court decision must be more than incorrect; it must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Burt v. Titlow*, 134 S.

4

Ct. 10, 15 (2013) (federal habeas relief warranted only where the state criminal justice system has experienced an "extreme malfunction"); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (objective unreasonableness is "a substantially higher threshold" than incorrectness).

When reviewing a habeas petition, the Court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Cullen v. Pinholster*, 563 U.S. 170, 171 (2011) (standard for evaluating state court rulings where constitutional claims have been considered on the merits and which affords state court rulings the benefit of the doubt is highly deferential and difficult for petitioner to meet). The presumption of correctness, which applies to "historical facts, that is, recitals of external events and the credibility of the witnesses narrating them[,]" will be overturned only if the material facts were not adequately developed by the state court or if the factual determination is not adequately supported by the record. *Smith v. Mann*, 173 F.3d 73, 76 (2d Cir. 1999) (internal quotation marks and citation omitted).

In addition, the federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Pinholster*, 563 U.S. at 180. Because collateral review of a conviction applies a different standard than the direct appeal, an error that may have supported reversal on direct appeal will not necessarily be sufficient to grant a habeas petition. *Brecht v. Abrahamson*, 507 U.S. 619, 634 (1993).

## IV. Discussion

Mr. Mourning asserts two grounds for relief in his amended petition. In his first ground, he contends that trial counsel was ineffective. In his second ground, he argues that he was denied due process and a fair trial as a result of prosecutorial misconduct.

### A.   Ineffective Assistance of Counsel

In his first ground for relief, Mr. Mourning contends that trial counsel was ineffective in six ways.  First, he argues that counsel failed to conduct a thorough investigation of the charges against him, including whether there was probable cause for his arrest and whether any exchange actually took place.  In addition, Mr. Mourning alleges that counsel failed to keep him apprised of the status of proceedings against, and pleas entered by, his co-defendants, including obtaining copies of plea and sentencing transcripts.  Second, Mr. Mourning claims that counsel failed to secure a security videotape that was relevant to his defense and which had been reviewed by members of the Danbury Police Department.  Third, counsel failed to obtain co-defendant Vernon Atherton's allegedly confessionary statement which had been obtained by an investigator from the Chief State's Attorney's Office before entry of a plea.  Fourth, Mr. Mourning alleges that counsel failed to obtain all exculpatory evidence known to the prosecutor.  Fifth, counsel failed to inform Mr. Mourning of the nature of his offense prior to entry of his plea.  Finally, Mr. Mourning contends that counsel failed to adequately advise him of his ability to file a direct appeal.  ECF No. 26 at 10-14.

An ineffective assistance of counsel claim is reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail, the petitioner must demonstrate, first, that counsel's conduct was below an objective standard of reasonableness established by prevailing professional norms and, second, that the deficient performance caused prejudice to him.  *Id.* at 687-88.  Counsel is presumed to be competent.  The petitioner bears the burden of demonstrating unconstitutional representation.  *United States v. Cronic*, 466 U.S. 648, 658 (1984).  To satisfy the prejudice prong of the *Strickland* test, the petitioner must show that there

is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"; the probability must "undermine confidence in the outcome" of the trial. *Strickland*, 466 U.S. at 694. The Court evaluates counsel's conduct at the time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions. *Rompilla v. Beard*, 545 U.S. 374, 381 (2005). To prevail, the petitioner must demonstrate both deficient performance and sufficient prejudice. *Strickland*, 466 U.S. at 700. Thus, if the Court finds one prong of the standard lacking, it need not consider the remaining prong.

The *Strickland* standard applies to challenges relating to plea offers.[2] *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To satisfy the prejudice component of the *Strickland* standard, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Padilla v. Kentucky,* 559 U.S. 356, 372 (2010) (to establish prejudice to support ineffective assistance of counsel petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances"). When reviewing a claim of ineffective assistance of counsel during plea bargaining, the Court must apply a "'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. at 13.

---

[2] A few months after the state court issued its decision, the Supreme Court decided *Frey v. Missouri*, 132 S. Ct. 1399 (2012). A criminal defendant no longer must show that he would have elected a trial over a guilty plea to demonstrate prejudice. Now, as part of the prejudice component, the criminal defendant must "show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.* at 1409. As *Frey* had not been decided when the state court issued its ruling, the state court decision is not evaluated under the *Frey* standard. *See White v. Woodall*, 134 S. Ct. at 1702 (clearly established federal law is found in Supreme Court holdings at the time of the state court decision).

The Court considers the last reasoned state court decision in evaluating a section 2254 petition. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). Here, the last reasoned decision was issued by the Connecticut Superior Court. In that decision, the state court applied the *Strickland* and *Hill* standards. As the state court applied the correct legal standards, the state court decision cannot meet the "contrary to" prong of section 2254(d)(1). Accordingly, this Court must determine whether the state court decision is a reasonable application of *Strickland* and *Hill*. The question this Court must answer "is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was deficient. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "Where … a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (citations and internal quotation marks omitted).

A similar claim has been addressed in another district within this circuit, *Ollman v. New York*, No. 04-CV-6584(MAT), 2010 WL 2854446 (W.D.N.Y. July 19, 2010). The petitioner challenged the deprivation of counsel at a violation of probation hearing because statements made at that hearing were used against him in a subsequent prosecution for perjury to which he

8

entered a guilty plea. *Id.* at *1-2. The court held that the guilty plea to the perjury charge waived any claims for deprivation of counsel at the prior proceeding. *Id.* at *4.

Mr. Mourning asserts an ineffective assistance of counsel claim. Nowhere in his recitation of the first count does he allege that his plea was not voluntary or intelligent. ECF No. 26 at 10-14. Many of the actions of which Mr. Mourning complains occurred before he entered his guilty plea. Mr. Mourning was represented by counsel during the plea hearing and acknowledged that the state's recitation of facts was essentially correct, he had discussed the charge with counsel, he was satisfied with counsel's advice and he was entering the plea freely and voluntarily. ECF No. 28-13, Sentencing Tr., at 4-6. Thus, Mr. Mourning has waived any ineffective assistance of counsel claims arising prior to the plea. The petition for writ of habeas corpus is denied with regard to the first four examples of ineffective assistance of counsel.

Further, even if the Court were to liberally construe the amended petition to challenge the voluntariness of the plea, the petition should be denied. The state court reviewed all six of the examples of ineffective assistance of counsel and found them deficient. The state court credited the testimony of counsel regarding her investigation and efforts to keep Mr. Mourning informed about the progress of that investigation. Following her appointment, counsel obtained a copy of the public defender's file, spoke with Mr. Mourning and hired a private investigator. The investigator pursued the possibility that there was recorded footage of the incident and sought additional witnesses. Either counsel or the investigator interviewed the three co-defendants or their attorneys. Counsel investigated the violation of probation charges and filed a motion to dismiss them. *Mourning*, 2012 WL 335847, at *3-4. The state court determined that Mr. Mourning failed to present evidence demonstrating the counsel's performance was deficient and

9

noted that speculation was insufficient to establish ineffective representation.[3]  In addition, the state court found that Mr. Mourning failed to prove that, absent the allegedly deficient performance, he would have persisted with his not guilty plea and gone to trial.  Thus, the state court rejected the first four examples of ineffective assistance.  *Id.* at *4.

Regarding the fifth example, that counsel failed to adequately advise Mr. Mourning of the nature and elements of the offense prior to his guilty plea, the state court noted that the only evidence before it was counsel's testimony that she discussed the nature and elements of the charge of sale of narcotics with Mr. Mourning before the plea hearing and the transcript of the plea canvass during which Mr. Mourning admitted that the facts set forth by the prosecutor were essentially correct and that he had discussed the charge with counsel and was entering a voluntary plea.  Based on this evidence, the state court found that Mr. Mourning's fifth example of ineffective assistance was "wholly unsubstantiated and borders on frivolous."  *Id.* at *5.

Finally, regarding the allegation that counsel failed to advise Mr. Mourning that he could file a direct appeal, the state court noted that the applicable Supreme Court test provides that, where a criminal defendant has not instructed or asked that an appeal be filed, counsel must discuss the option of an appeal with the criminal defendant only where she has reason to think that a rational defendant would want to appeal or that the particular defendant was interested in pursuing an appeal.  *Id.* at *5 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2002)).  The state

---

[3] Much of Mr. Mourning's argument in this Court focuses on the failure to provide him exculpatory evidence, namely the failure of police officers to secure a copy of surveillance footage of the parking lot and the failure of the prosecution to provide him this footage or knowledge that it existed.  The testimony presented at the habeas hearing by a police officer and the store manager regarding the footage was that the distance was too great to show any drug transaction and, because the camera was motion-activated, the recording stopped once the cars were parked.  *See* Habeas Tr. ECF No. 28-11 at 49-50, 53-55 & 73-74.  Mr. Mourning fails to identify any evidence suggesting that the footage would have been exculpatory.  Thus the claim is speculative at best and the state court reasonably rejected the claim.

court noted that no evidence had been offered to suggest that Mr. Mourning had shown counsel that he was interested in pursuing an appeal. Further, although the Connecticut Appellate Court indicated that the issue of whether Mr. Mourning had been sentenced to three probationary periods or only one might merit further consideration, the violation of probation charges were terminated by the state court. Mr. Mourning was sentenced only on the charge for sale of narcotics. Thus, any claim based on the violation of probation charges was moot. The state court found, therefore, that the plaintiff failed to demonstrate that counsel disregarded the existence of any appealable issues and denied the ineffective assistance of counsel claim. *Id.*

This Court reviews the actions of the state court based on the record of evidence before the state court. *Pinholster*, 131 S. Ct. at 1398-99. To grant a federal habeas petition, the Court must find that the state court decision is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington*, 562 U.S. at 103. Mr. Mourning has not met this burden. The Court concludes that the state court reasonably applied Supreme Court law to the evidence before it. Accordingly, Mr. Mourning's petition for writ of habeas corpus is denied on the ground that counsel was ineffective.

### B. Prosecutorial Misconduct

In his second ground for relief, Mr. Mourning alleges the prosecutor committed misconduct by stating that he was in violation of three probationary sentences instead of one. Mr. Mourning alleges that the prosecutor attempted to mislead the court at the violation of probation hearing by misrepresenting his actual prior sentence.

Prosecutorial misconduct does not give rise to a constitutional violation unless the

misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). That the prosecutor's remarks may have been undesirable, or even universally condemned, does not rise to the level of a constitutional violation unless the trial also was unfair. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The petitioner must identify specific instances of "egregious misconduct," *Donnelly*, 416 U.S. at 647-48, that show he was substantially prejudiced. *United States v. Thomas*, 377 F.3d 232, 244 (2d Cir. 2004). The Court reviews a claim of prosecutorial misconduct in context and evaluates the probable effect of the comments on the trier of fact's ability to judge the evidence fairly. *United States v. Young*, 470 U.S. 1, 12 (1985).

In analyzing this claim, the state court found that Mr. Mourning failed to present any evidence to support his assertion of deliberate misconduct by the prosecutor. The state court reviewed the transcript of the hearing on Mr. Mourning's motion to dismiss the violation of probation charges and determined that the prosecutor was attempting to determine whether the sentencing judge intended there to be one or three probationary periods. The state court found no evidence of any intentional misconduct and denied the petition with regard to the prosecutorial misconduct claim. *Mourning*, 2012 WL 355947, at *7.

The state court based the decision on Mr. Mourning's failure to present any evidence at the habeas hearing to support his contention of intentional misconduct. Review of the state court record shows that this was a reasonable determination and application of applicable law.

In addition, to support a claim for prosecutorial misconduct, Mr. Mourning must show that his conviction resulted in a denial of due process. Although Mr. Mourning admitted to three charges of violation of probation, the state court terminated the charges and only sentenced him

12

on the charge for sale of narcotics.  ECF No. 28-13 at 2.  Although he now argues that his sentence on the narcotics charge was improperly enhanced by the violation of probation charges, Mr. Mourning has presented no evidence supporting this claim.  Counsel's testimony showed that the sale of narcotics charge carried a five-year minimum sentence but she had negotiated the plea to enable Mr. Mourning to serve only three years of incarceration.  *See* ECF No. 28-11 at 97-98.  Absent any evidence that the sentence was enhanced, the amended petition for writ of habeas corpus is denied on the second ground.

In his reply brief, Mr. Mourning raises several other instances of prosecutorial misconduct.  As these examples are not included in the amended petition, they are not properly before the Court and cannot be considered.  *See Wilson v. Baird*, No. 3:11-cv-1304(MRK), 2012 WL 2154209, at *5 (D. Conn. June 13, 2012) (petitioner cannot amend habeas petition in memorandum) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *see also Mathie v. Goord*, 267 F. App'x 13, 14 (2d Cir. 2008) (district court cannot consider new claims asserted in opposition to motion to dismiss).

### V. Conclusion

The Amended Petition for Writ of Habeas Corpus [**ECF No. 26**] is **DENIED**.  The Court concludes that an appeal of this order would not be taken in good faith.  Thus, a certificate of appealability will not issue.

The Clerk is directed to enter judgment in favor of the respondent and close this case.

**SO ORDERED** this 13th day of October 2016, at Bridgeport, Connecticut.

        /s/ Victor A. Bolden
        VICTOR A. BOLDEN
        UNITED STATES DISTRICT JUDGE